```
                    UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF CONNECTICUT
                              HARTFORD
```

| | | |
|---|---|---|
| IN THE MATTER OF | ) | CHAPTER 13 |
| MICHAEL SADOWSKI and | ) | CASE NO. 10-21894 |
| ALICE SADOWSKI | ) | |
|     DEBTORS | ) | June 2, 2010 |

## **CHAPTER 13 PLAN**

1. The debtors submit all or such portion of their future income to the control of the Trustee as is necessary for the execution of the plan. Upon confirmation of the debtors' case, the debtors shall pay to the Trustee the sum of $1,841.23 each month, for 60 months.

a. Adequate Protection Payments: In the event this plan proposes to pay the balance of a loan secured by the debtors' personal property; then prior to the confirmation of this plan, the debtors must make monthly adequate protection payments directly to the creditor holding the secured claim. Said payments may be deducted from the payment to be made to the Trustee. Upon confirmation said adequate protection payments shall cease and the entire monthly plan payment shall be paid to the Trustee for distribution pursuant to this plan.

b. Domestic Support Obligation: The debtor shall pay current domestic support obligations, as defined in 11 U.S.C. §101(14A), outside of the plan as directed by any and all applicable state and/or federal court orders.

2. From the payments so received, the Trustee shall make disbursements as follows:

a. PRIORITY CLAIMS:  All claims entitled to priority under 11 U.S.C. §507 shall be paid in full as well as 11 U.S.C. 1305 shall be paid as required by 11 U.S.C. §1322(a) (2) and (a) (4).

Taxes of $62,096.17 due to The Internal Revenue Service  + 4.0%

Taxes of $ 6,814.23 due to State of Connecticut  + 12.0%

Additional post-petition attorney fees owed to Attorney Joel M. Grafstein in the amount of $2,000.00.

b. SECURED CLAIMS: Pro rata with the above payments, except administrative expense priorities pursuant to 11 USC Section 503(b)(2), secured creditors whose claims are duly proved and allowed, together with interest, if applicable, as hereinafter set forth:

Mortgage arrearage of $18,907.83 due to Collinsville Savings Society + 0% interest

Mortgage arrearage of $  807.90 due to Marriott Aruba Surf Club + 0% interest

Mortgage arrearages set forth above being paid by the Trustee shall cure the default of such mortgage, decelerate the mortgage debt and reinstate the mortgage loan in the original mortgage promissory note in accordance with 11 USC Section 1322 (b)(5).

The following secured claims have either been deemed unsecured pursuant to bankruptcy court order dated _____ pursuant to 11 U.S.C. §506(a) or §522(f), or will be deemed unsecured pursuant to 11 U.S.C. §522(f) after motion, notice, hearing, and further order of the court as follows:

| Lien Holder | Total Claim | Secured Portion | Unsecured Portion |
|---|---|---|---|
| Collinsville Savings Society | $   448,043.06 | $   448,043.06 | $          0.00 |
| Wachovia Bank | $   251,294.56 | $          0.00 | $   251,294.56 |

The debtors' personal liability on the foregoing lien deemed unsecured was discharged on December 23, 2009 in Chapter 7 Case 09-22155, and consequently the creditors will not share in any dividend to unsecured creditors.

The debtors shall continue to pay current mortgage payments to Collinsville Savings Society, which include real estate taxes, outside of the plan directly to the creditor.

c.   GENERAL UNSECURED CLAIMS: Pro rata with payments to secured creditors, dividends to general unsecured creditors whose claims are duly proved and allowed as follows:

General unsecured claims, (including the foregoing secured claims which are being treated as unsecured claims by virtue of 11 U.S.C. §506(a) or §522(f)), shall be paid not less than 100% (by virtue of the Debtors' prior Chapter 7 discharge in their prior bankruptcy case. If the debtors' estate is found to be solvent general unsecured claims, which are not tax claims, shall be paid 100% plus interest per annum at the federal judgment rate existing on the date this plan is confirmed and general unsecured claims which are tax claims, shall be paid 100% plus interest at the rate said claim would receive pursuant to applicable non-bankruptcy law.

No dividend shall be paid on the unsecured portion of any claim where the rights of the holder of such claim may not be modified pursuant to the provisions of 11 U.S.C. 1322(b) (2). The total of all general unsecured claims is $0.00 including contingent, unliquidated claims.

3. The following executory contracts of the debtors are rejected: (None).

4. Other terms of the plan: (None)

5. In no event shall the amount to be distributed to each creditor under the plan be less than the value (as of the effective date of the plan) of the property upon which such creditor had an enforceable lien, plus the amount, if any, that would be paid such claim if the estate of the debtor were to be liquidated under Chapter 7 of Title 11 of the United States Code.

6. With respect to each allowed secured claim:

a. The holder of such claim retains the lien securing such claim until the earlier of: (1) the payment of the underlying debt determined under non-bankruptcy law; or (2) discharge under Section 1328; and

b. If the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law; and

c. The value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim and in no event shall the amount to be distributed to each creditor under the plan be less than the value (as of the effective date of the plan) of the property upon which such creditor has an enforceable lien.

7. Payments to the Trustee shall be made in installments conforming to the debtors' payment periods over a period of <u>60</u> months in such amounts as may be required to provide for the payment of all costs of administration, the payment in full of all claims entitled to priority as defined in 11 U.S.C. 507, the present value of all allowed secured claims, and payments to unsecured creditors as hereinbefore provided. The debtors' total plan payments to the Trustee shall not be less than $<u>110,473.80</u>.

8. Title to the debtors' property shall re-vest in the debtors after the dismissal of the case or the closing of the case upon the approval by the Court of the Trustee's final report and account. However no property received by the Trustee for the purpose of distribution under the plan shall re-vest in the debtor except to the extent that such property is in excess of the amount needed to pay all allowed claims as provided in the plan.

9. The amount of the debtors' attorney's fees already paid outside of the plan is $2,000.00. The balance of the debtors' attorney's fees in the amount of $2,000.00, subsequent to approval of the court, shall be paid as an administrative expense pursuant to 11 USC Section 503 (b)(2) inside of the plan.

10. Questions regarding this plan should be directed to the attorney for the debtors.

/s/Michael Sadowski                    /s/Alice Sadowski
Debtor                                 Debtor

s/Joel M. Grafstein, Esq.              June 2, 2010
Counsel for the debtors,               Date
Joel M. Grafstein, Esq. ct06191
10 Melrose Drive
Farmington, CT 06032
Tel. 860-674-8003
Fax.860-676-9167
jgrafstein@grafsteinlaw.com