UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-21894 |
| MICHAEL SADOWSKI and<br>ALICE SADOWSKI, | )<br>)<br>) | CHAPTER 13 |
| DEBTORS | )<br>) | Re: ECF NOS. 50 & 53 |

<u>APPEARANCES</u>:

Joel M. Grafstein, Esq.                    Counsel for Debtors
Grafstein and Associates
10 Melrose Drive
Farmington, CT 06032

Molly T. Whiton, Esq. and Patrick Crook, Esq.    Counsel for Chapter 13 Trustee
10 Columbus Boulevard, 6th Floor
Hartford, CT 06106

**MEMORANDUM OF DECISION ON CHAPTER 13 TRUSTEE'S OBJECTION
TO CONFIRMATION OF DEBTORS' FIRST AMENDED CHAPTER 13 PLAN**

ALBERT S. DABROWSKI, United States Bankruptcy Judge

## I.    INTRODUCTION

Although §1325(a) sets forth numerous requirements for confirmation of a Chapter 13 plan, the singular issue presently before the Court is narrowly focused on whether the Bankruptcy Code, as amended in 2005 by the Bankruptcy Abuse Prevention and Consumer Protection Act (hereinafter, "BAPCPA"), PL 109-8, precludes a debtor in a so-

called "Chapter 20"[1] bankruptcy case from "stripping off" a "wholly unsecured" junior lien. For the reasons set forth hereinafter, the Court concludes that a plan that attempts to do so does not satisfy the lien retention requirements of §1325(a)(5)(B)(i).

## II.   JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant matter by virtue of 28 U.S.C. §1334(b); and this Court derives its authority to hear and determine the instant matter on reference from the District Court pursuant to 28 U.S.C. §157(a), (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(L).

## III.   BACKGROUND

### A.   *The Prior Chapter 7 Bankruptcy Case*

Michael Sadowski and Alice Sadowski (hereinafter, the "Debtors"), on July 30, 2009, jointly filed a voluntary bankruptcy case under Chapter 7 of the Bankruptcy Code (hereinafter, the "Chapter 7 Case"). Case No. 09-22155. The Debtors' schedules indicated that the jointly-owned real property on which they reside at 101 Breezy Hill Road, Canton, Connecticut (hereinafter, the "Property") was encumbered by a first mortgage held by Collinsville Savings Society (hereinafter, "Collinsville") and a second mortgage held by Wachovia Bank (hereinafter, "Wachovia").  The Chapter 7 Trustee determined that the Debtors had no nonexempt assets for distribution to creditors,  the Debtors received a

---

[1]  For ease of reference, the Court uses the term "Chapter 20 " herein to refer to a Chapter 13 case filed by a debtor who has received a discharge in a Chapter 7 bankruptcy case commenced within the four-year period preceding the filing of his Chapter 13 petition.  *See, e.g.*, Bankruptcy Code §1328(f)(1) (precluding entry of a discharge in the Chapter 13 case under such circumstances).

2

discharge on December 23, 2009, and the case was closed on January 12, 2010.

## B.    The Present Chapter 13 Bankruptcy Case

On June 2, 2010, less than five months after the closing of the Chapter 7 case, the Debtors commenced the above-captioned bankruptcy case under Chapter 13 (hereinafter, the "Chapter 13 Case").  Molly T. Whiton was appointed as the Chapter 13 trustee (hereinafter, the "Trustee").  The Debtors have scheduled no unsecured nonpriority claims; all such claims were discharged in their prior Chapter 7 Case.

Prior to the Trustee's filing of her objection to confirmation, ECF No. 53, the Debtors, on June 18, 2010, filed *an Amended Motion to Determine Secured Status,* ECF No. 30 (as further amended by ECF No. 45).  In response to the Debtors' motion, and in the absence of objection from the Chapter 13 Trustee or Wachovia, the Court entered an *Order Determining Secured Status of Liens* (hereinafter, the "§506(a) Order"), ECF No. 46.  The §506(a) Order stated, *inter alia*:

> 1.    The fair market value of the Debtors' interest in [the Property] is determined to be $446,000.00.
> . . . .
> Accordingly, IT IS THEREFORE ORDERED, that for the reasons stated in the Motion, and pursuant to Sections *506(a)* and 1322(b)(2), each of the following claims by holders of the liens described in paragraph 2, above, is treated as an allowed secured claim and/or an allowed unsecured claim as follows:
>
>   a.   first mortgage to Collinsville Savings Society which has a current balance of $458,427.70, of which $458,427.70 is hereby deemed secured and $0.00 is hereby deemed unsecured.
>
>   b.   a second mortgage to Wachovia Bank, N.A. which has a current balance of $257,753.49, of which $0.00 is hereby deemed secured and $257,753.49 is hereby deemed unsecured.

3

> To the extent that a lien secures a claim against the Debtors that is not an allowed secured claim, such lien is void, as provided by [§]506(d), provided however, that in the event that this case is dismissed the liens avoided by this Order shall be reinstated without any further order of this court as of the date of such dismissal.

*§506(a) Order* at 1-2 (emphasis added).

## C.   The Debtors' Proposed First Amended Chapter 13 Plan and The Trustee's Objection Thereto

The Debtors propose, in their First Amended Plan (hereinafter, the "Plan"), ECF No. 50, to pay all priority tax claims and the arrearage on their first mortgage; to make payments, outside the Plan, on the first mortgage as they become due; and to make no payments to Wachovia, the holder of the second mortgage. The Trustee has filed an objection to confirmation of the Plan on the grounds that the Debtors' attempt to avoid Wachovia's mortgage lien without being eligible for a discharge violates (1) the lien retention requirements of §1325(a)(5)(B)(i)(I) and *Dewsnup v. Timm*, 502 U.S. 410, 112 S. Ct. 773 (1992); and (2) the good faith filing requirements of §1325(a)(3). *Objection to Confirmation* (hereinafter, the "Objection"), ECF No. 53.

The parties do not dispute that the Debtors' *in personam* liability on the debts to Wachovia and Collinsville was discharged in the Chapter 7 case; that both mortgage liens passed through the Chapter 7 Case unaffected; or that, following the Chapter 7 discharge, each of the mortgagees continued to hold an *in rem* claim against the Property in accordance with *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150 (1991).

## IV.  DISCUSSION

### A.  *Issue*

The issue presently before the Court concerns the interaction of several provisions of the Bankruptcy Code, certain revisions thereto made by BAPCPA, and the effect of such revisions on pre-BAPCPA practices and case law. Although the question of whether the Bankruptcy Code, as amended in 2005, prohibits the avoidance of a "wholly unsecured" junior lien in a Chapter 20 case appears to be one of first impression in the Second Circuit, it has been considered by numerous bankruptcy courts elsewhere with widely disparate results.

> Courts disagree regarding whether a debtor's ineligibility for a discharge bars him from using § 1322(b)(2) to permanently strip off an otherwise wholly unsecured lien on his principal residence. Some courts say that a debtor's eligibility for a discharge is not a requirement for lien avoidance. *See, e.g., Jennings,* ⎯⎯ B.R. ⎯⎯, 2011 WL 2909888 (Bankr.N.D.Ga. July 11, 2011); *Okosisi,* 451 B.R. 90 [(Bankr.D.Nev. 2011)]; *Fair,* 450 B.R. 853 (E.D.Wis. 2011); *In re Waterman,* 447 B.R. 324 (Bankr.D.Colo. 2011); *In re Tran,* 431 B.R. 230 (Bankr.N.D.Cal. 2010)[2]; *In re Hill,* 440 B.R. 176 (Bankr.S.D.Cal. 2010). Other courts say that a debtor cannot permanently strip off a lien on his principal residence if he is ineligible for a discharge. *See, e.g., In re Victorio,* ⎯⎯ B.R. ⎯⎯, 2011 WL 2746054 (Bankr.S.D.Cal.2011); *In re Gerardin,* 447 B.R. 342 (Bankr.S.D. Fla.2011); *In re Fenn,* 428 B.R. 494 (Bankr.N.D.Ill. 2010); *In re Mendoza,* No. 09–22395 HRT, 2010 WL 736834 (Bankr.D.Col. Jan.21, 2010); *In re Jarvis,* 390 B.R. 600, 604–06 ( Bankr.C.D.Ill. 2008).

*In re Fisette*, ___ B.R. ___, 2011 WL 3795138, at *6 (8th Cir. BAP 2011) (footnote added); *See, also*, *In re Lindskog*, 451 B.R. 863, 865 (Bankr. E.D.Wis. 2011) (listing cases representative of the "sharp split of authority on the issue" of "Chapter 20" lien avoidance).

---

[2]  Affirmed *on other grounds*, 2011 WL 3862010 (N.D.Cal. Aug 31, 2011) (affirming dismissal for lack of good faith).

5

The Chapter 13 Bankruptcy Code provisions at issue in this proceeding, §§1325(a)(5)(B)(i)(I) and 1328(f), were amended in 2005 under Title III, *Discouraging Bankruptcy Abuse,* of BAPCPA, PL 109–8 §§306, 312.  The new subsection, §1328(f) states, in relevant part,

> (f) the court shall not grant a discharge of all debts provided for in the plan . . . if the debtor has received a discharge –
>
>> (1) in a case filed under chapter 7 . . . during the 4-year period preceding the date of the order for relief under this chapter. . . ."

PL 109-8 §312, codified at 11 U.S.C. §1328.

The Debtors do not dispute that §1328(f)(1) is applicable to them in this case – that they are not entitled to a discharge in this case, and an Order so stating, ECF No. 33, has been entered by the Court.

In addition, BAPCPA, in a section entitled *Giving Secured Creditors Fair Treatment in Chapter 13*,[3] made significant changes to the lien retention requirements for confirmation of a Chapter 13 plan.  PL 109-8 §306, codified at 11 U.S.C. §1325(a)(5)(B)(i)(I).  Section 1325 sets forth the requirements for plan confirmation; subsection (a)(5) thereof concerns the treatment of allowed secured claims.  Unless the holder of such a claim "has accepted the plan", §1325(a)(5)(A),[4] or the debtor surrenders

---

[3]  There is a sparsity of legislative history for BAPCPA; thus, the Court finds the captions (not codified) helpful to discerning the underlying legislative intent.

[4]  The present record does not reflect, and the Court does not address or determine herein, whether Wachovia has or has not "accepted" the Plan, a confirmation enabling alternative provided by §1325(a)(5)(A) to a failure to satisfy the lien retention provisions of §1325(a)(5)(B).

6

the collateral, §1325(a)(5)(C),[5] the plan must provide, *inter alia*, that "with respect to each allowed secured claim provided for by the plan:"

> (I) the holder of such claim retain the lien securing such claim until the earlier of--
>
>> (aa) the payment of the underlying debt determined under nonbankruptcy law; or
>>
>> (bb) discharge under section 1328; and
>
> (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

11 U.S.C. §1325(a)(5)(B)(i).

Since §1325(a)(5), by its terms, is applicable only "with respect to each allowed secured claim," the essence of the present controversy is the question of whether Wachovia's claim falls within the purview of the term "allowed secured claim," as the term is used in that section. If the Court finds that Wachovia is the holder of an "allowed secured claim," then, unless it is subsequently determined that Wachovia has accepted the Plan, a confirmation requisite is that the Plan provide for Wachovia to retain its lien until the "underlying debt determined under nonbankruptcy law" has been paid in full; this is so because none of the other alternatives under §1325(a)(5) - surrender of the Property, or entry of a discharge under §1328 - are applicable in this case.[6]

---

[5] Through the Plan the Debtors propose to retain, not surrender the Property.

[6] The Debtors' argument that they also have the option, analogous to a right of redemption under §722, of "redeeming" the Property by paying Wachovia $0.00, the portion of the debt deemed "secured" under §506(a) is unavailing. The Bankruptcy Code does not provide a Chapter 13 debtor with a right to redeem real property. Section 722, the only redemption provision in the Bankruptcy Code, has no relevance, directly or indirectly, to the Debtors' case. Section 722 is limited to debtors in a *Chapter 7* case; where the collateral is tangible *personal property* intended for personal, family or household use; where such collateral is exempt

### B. BAPCPA Policy Considerations

Congress, in enacting BAPCPA, sought "to correct perceived abuses of the bankruptcy system," *Milavetz, Gallop & Milavetz, P.A. v. United States*, 130 S.Ct. 1324, 1329, 176 L.Ed.2d 79 (2010); *Ransom v. FIA Card Services, N.A.,* 131 S.Ct. 716, 721 (2011). One such practice was the use of sequential filings to achieve what would not otherwise be permissible in a single filing. *See, inter alia*, §§ 1325(a)(5)(B)(i)(I) & 1328(f).

"Stripping down" or "stripping off" undersecured mortgage liens is prohibited in Chapter 7. *Dewsnup v. Timm*, 502 U.S. at 416; *also see, e.g., Ryan v. Homecomings Financial Network,* 253 F.3d 778 (4th Cir. 2001) (interpreting *Dewsnup* to prohibit "stripping off" "wholly unsecured" consensual liens in Chapter 7). Debtors frequently circumvented *Dewsnup's* prohibition by first receiving a discharge of unsecured debts under Chapter 7 and then commencing a second bankruptcy case under Chapter 13 to strip liens to the extent that they exceeded the value of the collateral.[7] The Bankruptcy Code, prior to BAPCPA, did not directly address such situations. Debtors were not barred from commencing a Chapter 13 case following a Chapter 7 discharge, nor were they ineligible to receive a discharge therein.

"Chapter 20" lien stripping may be prohibited, on a case by case basis, under §1325(a)(3) or (7) if, in the exercise of its judicial discretion, a bankruptcy court finds that

---

or has been abandoned by the trustee; and where the lien secures a *dischargeable* consumer debt.

[7] BAPCPA made no changes to §1322(b)(2), which permits a plan to "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." The parties do not dispute that the Second Circuit, in *In re Pond*, 252 F.3d 122 (2d Cir. 2001), held that §1322(b)(2) does not prohibit modification of a "wholly unsecured" junior mortgage such as Wachovia's on a Debtor's residence. Accordingly, §1322(b)(2) is not at issue in the present proceeding.

the circumstances of a particular case indicate that the plan or petition was not filed in good faith.  *See, e.g., In re Tran*, 2011 WL 3862010, at *5 (N.D.Cal. 2011) (affirming "bankruptcy court's conclusion that Appellant's Chapter 13 case is an attempt unfairly to manipulate the Bankruptcy Code to evade the holding in *Dewsnup* and, thus, was not filed in good faith").  BAPCPA, however, evinced a policy of adopting uniform objective criteria and limiting the scope of judicial discretion in several areas of the Bankruptcy Code.  The "means test" provides such an objective test for determining what constitutes an "abusive" Chapter 7 filing, as well as the "reasonably necessary" expenses deductible from disposable income for certain Chapter 13 debtors. Similarly, the Court concludes that the amendments to §§1328(f) and 1325(a)(5)(B)(i) supplement the discretionary "good faith" requirements of §1325(a)(3) and (7) with an objective test to prevent debtors from using Chapter 13 as a way to circumvent *Dewsnup's* prohibition against lien stripping in Chapter 7;  debtors are not precluded from filing a Chapter 13 plan after receiving a Chapter 7 discharge, but may not avoid an undersecured or "wholly unsecured" lien by doing so.

> Courts considering the impact of new §1328(f) have held that the provision does not restrict a debtor's eligibility to file a Chapter 13 case and obtain confirmation of a plan which otherwise complies with the Code. Nevertheless, these no-discharge Chapter 13 cases raise issues of the extent to which relief can be granted in the absence of a discharge, and whether the cases are filed in good faith.
> . . . .
> . . . . A no-discharge Chapter 13 case may certainly be utilized to obtain the protections of the automatic stay for the purpose of proposing a plan to make payments on debts. A no-discharge Chapter 13 case may not, however, result in a *permanent* modification of a creditor's rights where such modification has traditionally only been achieved through a discharge and where such modification is not binding if a case is dismissed or converted. This Court can find no evidence that, by adding new §1328(f), Congress intended to expand debtors' remedies in the way that the Debtor here

9

proposes.

*In re Jarvis*, 390 B.R. 600, 605-606 (Bankr. C.D.Ill. 2008) (citations omitted; emphasis added).

### *C.     Statutory Interpretation*

The Debtors rely on the §506(a) Order determining that Wachovia's allowed claim of $257,753.49 be treated as secured to the extent of $0.00 and unsecured to the extent of $257,753.49, to support their argument that Wachovia is not the holder of an "allowed secured claim" and that the lien retention provisions of §1325(a)(5)(B)(i)(I) are inapplicable to it.  The Trustee urges the Court to find that the §506(a) Order serves a limited purpose – valuation – and does not effect a *permanent* change in Wachovia's *in rem* rights in the Property; that, regardless of the §506(a) Order valuation, the Plan, under §1325(a)(5)(B)(i)(I), cannot avoid Wachovia's lien until the underlying debt is paid in full.

"The task of resolving the dispute over the meaning of [a provision of the Bankruptcy Code] begins where all such inquiries must begin: with the language of the statute itself."  *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030 (1989).  Section 506(a)(1) provides, in relevant part:

> An allowed claim of a creditor secured by a lien on [the collateral] . . . is a secured claim to the extent of the value of such creditor's interest in [the collateral] . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

The Supreme Court has found that "§506 of the Bankruptcy Code and its relationship to other provisions of that Code do embrace some ambiguities." *Dewsnup*, 502 U.S. at 416.  Although "express[ing] no opinion as to whether the words 'allowed

10

secured claim' have different meaning in other provisions of the Bankruptcy Code," *Id.* at 417 n.3, the Supreme Court adopted the position that:

> [T]he words "allowed secured claim" in § 506(d) need not be read as an indivisible term of art defined by reference to §506(a), which by its terms is not a definitional provision. Rather, the words should be read term-by-term to refer to any claim that is, first, allowed, and, second, secured. Because there is no question that the claim at issue here has been "allowed" pursuant to § 502 of the Code and is secured by a lien with recourse to the underlying collateral, it does not come within the scope of § 506(d), which voids only liens corresponding to claims that have *not* been allowed and secured.

*Id.* at 415.

As a threshold matter, in accordance with *Dewsnup*, §506(d)[8] does not void a lien unless the underlying claim has been disallowed pursuant to §502(b). *Id.* at 410. Because Wachovia has an *in rem* claim enforceable[9] against property of the Debtors, it has an allowed claim, *see Johnson*, 501 U.S. at 85, and its lien, therefore, has not been avoided under §506(d) by the §506(a) Order.

Section 506(a) determines the amount by which a creditor's claim is undersecured and ensures that such portion of the claim is accorded the same priority and pro-rata distribution as an unsecured claim. *See, e.g. In re Talbert*, 344 F.3d 555, 561 (6th Cir. 2003) ("Section 506[(a)] was intended to facilitate valuation and disposition of property in the reorganization chapters of the Code. . . .") (citations and internal quotation marks

---

[8] Section 506(d) states that, subject to certain exceptions not applicable to the present case, "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void . . . ."

[9] "It is self-evident that a claim may remain valid and legally enforceable even though, as a practical matter, it may not be collectible from the assets of the obligor." *Nachman Corp. v. Pension Ben. Guaranty Corp.*, 446 U.S. 359, 371, 100 S.Ct. 1723, 1731 (1980). Accordingly, Wachovia's *in rem* claim against the Property may not be disallowed as unenforceable under §502(b)(1); other grounds for disallowance under §502(b) have no relevance to the facts presented in this case.

omitted). *Dewsnup* held that the bifurcation provisions of §506(a) did not provide a definition of the phrase "allowed secured claim," and that, in the lien avoidance context of §506(d), it referred to any claim that was "'allowed' pursuant to §502 of the Code and is secured by a lien with recourse to the underlying collateral." *Dewsnup*, 502 U.S. at 415.

Unlike §506(a), both §§1325(a)(5) and §506(d) concern the retention or avoidance of a lien, not the amounts to be paid under the Plan as "secured" or "unsecured" claims. *See, e.g.*, *In re Schneider*, 2011 WL 66045, at *1 (Bankr. N.D.Cal. 2011) ("[V]aluing a lien for plan purposes is very different from avoiding or 'stripping' the lien.").

> [R]egardless of the fact that the current value of the real property is insufficient to recover City Mortgage's junior lien, the claim is nonetheless "secured in the ordinary sense, that is, ... [it] is backed up by a security interest in property, whether or not the value of the property suffices to cover the claim." *Cater*, 240 B.R. at 422. As *Dewsnup* teaches, that is all that is required. . . .

*In re Talbert*, 344 F.3d at 561 (holding that *Dewsnup* prohibits avoidance, under §506(d), of a "wholly unsecured," as well as a "partially secured" lien).

The Court concludes that the phrase "allowed secured claim," as used in §1325(a)(5), refers to any claim that is allowed under §502 and for which the creditor holds a lien to secure payment; whether such claim is recourse or nonrecourse, collectible or uncollectible. Because the Debtors are not eligible for a discharge, the Plan cannot be confirmed unless accepted by Wachovia or it provides that Wachovia retain its lien until the full amount of the underlying debt determined under nonbankruptcy law has been paid.

Finally, having concluded that in the absence of Wachovia's acceptance of the Plan its mortgage lien may not be avoided through the Plan, the Court need not reach the Trustee's argument that "the attempt to strip the lien in circumstances where the Debtors

are not eligible for a discharge may be grounds for a finding of bad faith." Objection at 6.

## IV. CONCLUSION

In accordance with the foregoing discussion, the Debtors in this Chapter 20 case, while not precluded from filing a Chapter 13 petition and plan after receiving a Chapter 7 discharge, may not avoid an undersecured or "wholly unsecured" lien in doing so. In the present case, as the Plan does not satisfy the lien retention requirements of §1325(a)(5)(B)(i)(I) it may not be confirmed unless, *inter alia*, it is established that Wachovia has accepted the Plan.

Accordingly, the Plan shall continue to the confirmation hearing scheduled for October 13, 2011, where, in accordance with this Memorandum of Decision, the Plan may be confirmed only if the Debtor establishes that Wachovia has "accepted the Plan" as that term is used in §1325(a)(5)(A), and that the Plan complies with all other plan confirmation requisites of §1325.

Dated: September 30, 2011                                          BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge